THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN SILVER, Appellant, and Others, Defendants.

First Department, February 23, 1934.

*David H. Slade* of counsel [*Maxwell Slade, Charles S. Port* and *Joseph M. Klein* with him on the brief; *Slade & Slade,* attorneys], for the appellant.

*Philip A. Donahue, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

UNTERMYER, J. The appellant has been convicted of violating sections 753 and 766 of the Penal Law while acting as an inspector of election. The evidence was ample to justify his conviction, and, of the various points advanced by his counsel as constituting ground for the reversal of the judgment, only one deserves consideration.

During the summing up of the assistant district attorney the trial justice absented himself from the court room for a time. Where he went, or for what purpose, or for how long a time he remained absent, is not disclosed. In fact, in the stenographic transcript of the trial no mention whatever is made of the justice's departure from the court room or of his return thereto — or even of the motion made by the defendant's counsel on the return of the justice to the bench for the withdrawal of a juror " on the ground of the absence of the trial justice," or of the denial of this motion and the exception taken thereto. It is only through the medium of a stipulation, entered into between the district attorney (executed by the assistant district attorney who tried the case) and the defendant's counsel, which recites that " during part of the summation " of the assistant district attorney " the Presiding Justice left the court room and was absent therefrom," that these facts are brought to the attention of this court.

The appellant contends that the absence of the trial justice from the court room during any portion of the trial rendered the proceedings a nullity and that his motion for a mistrial should have been granted. The assistant district attorney who has argued the appeal in this court, while apparently conceding that the defendant would be entitled to a new trial if he was in any manner prejudiced by the absence of the trial justice, in effect, suggests that we may assume that the absence of the justice was " for a few seconds " and that the portion of the summing up during which he was absent from the court room was " but an infinitesimal fraction thereof "— and he apparently attaches importance to the fact that it does not " appear that anything was said by Mr. Wallace during the alleged absence of the trial judge that was improper or prejudicial to the defendant." The first difficulty with this contention arises from the fact that the argument is based upon erroneous assumptions. As I have pointed out, much which took place upon the

trial does not appear. Nowhere does it appear that the justice was absent for only a few moments or during only a small part of the summing up. If these had been the facts, it is fair to assume that the assistant district attorney who had represented the People at the trial and who was thus familiar with what had taken place, would have incorporated them in the stipulation which he himself executed for the People. Under those circumstances we must assume that the trial judge was absent from the court room during a substantial part, but not during all, of the summation for the People. What occurred during his absence, or whether anything of a nature prejudicial to the defendant took place, we cannot know, for the only information which we receive from the record is the statement that " Mr. Wallace summed up the evidence to the jury in behalf of the People."

We are, therefore, not in a position to say whether during the absence of the trial justice the rights of the defendant were prejudiced, even though the record contains no objection by his counsel to any comment made in the summation for the People. The absence of objection is without significance under the circumstances here. What purpose could there have been in objecting when there was no justice present to whom the objection could have been made or to rule thereon.

But we do not need to consider any question of prejudice to the defendant, for the difficulty here lies deeper than the violation of a mere procedural right. It affects the very organization of the court by which the defendant has been tried. It is not sufficient that he was tried within a court room; he was entitled to a trial before a duly constituted court. Such a trial could not be had except under the direction and superintendence of a judge. To such a trial the defendant was entitled, not intermittently, but from the beginning to the very end. In *Capital Traction Co.* v. *Hof* (174 U. S. 1) the Supreme Court of the United States approved the following language of the District Court of the United States in *United States* v. *1363 Bags of Merchandise* (2 Sprague, 85–88): " The Constitution secures a trial by jury, without defining what that trial is. We are left to the common law to learn what it is that is secured. Now the trial by jury was, when the Constitution was adopted, and for generations before that time had been, here and in England, a trial of an issue of fact by twelve men, under the direction and superintendence of the court. This direction and superintendence was an essential part of the trial."

In the trial of civil actions the parties may, by consent, dispense with the safeguards with which the law surrounds the determination of their rights. (*Dubuc* v. *Lazell, Dalley & Co.*, 182 N. Y.

482; *Cowenhoven* v. *Ball*, 118 id. 231, 236.) And so it was held in *Ciccolini* v. *Vocafilm Corporation of America* (253 N. Y. 588) (as appears from the record on appeal in that case) that where in an action of a civil nature the trial justice directed counsel to proceed in his absence with the summation to the jury and no objection was taken by either party or motion for a mistrial made, the absence of the judge did not constitute an error of law for which the judgment could be reversed. Prejudicial remarks of counsel made under these circumstances during the absence of the trial judge, which, upon his return, he instructed the jury to disregard, would only have justified a reversal as matter of discretion. (*Chesebrough* v. *Conover*, 140 N. Y. 382, at p. 388.) But this is not a civil or private controversy and the defendant could not, even if he had desired, effectively have waived any element necessary for the proper organization of the court by which he was tried. (*Cancemi* v. *People*, 18 N. Y. 128; followed and approved in *People ex rel. Battista* v. *Christian*, 249 id. 314.) Not only could he not have done so, but he clearly indicated his unwillingness to do so by every available means. When the judge's absence was observed, his counsel made immediate demand that the fact be noted on the record and promptly on the judge's return he moved for a mistrial on that ground. He excepted to the denial of that motion. It thus appears that against the defendant's objection his trial was conducted, in part at least, before a tribunal such as, in my opinion, is unknown to the law — a court without a judge. Any judgment of conviction resulting from a trial so conducted must, it seems to me, be set aside.

The general rule on the question here presented is stated in Hyatt on Trials (Vol. 2, § 982): " In felony cases * * * the presence of the judge is essential to the organization of the court. Evidence in such a case can be delivered only in open court, and such a court cannot exist in the absence of the judge. Even temporary absence is necessarily fatal, particularly if such absence is against the objections of the defendant." In section 983 the author, still speaking of felony cases, says: " The absence of the judge, even temporarily, for ever so short a time, during the trial of a case, amounts to a dissolution of the court, and renders the trial itself void." To the same effect is the statement of the rule (16 C. J. 812). The judge may, it is true, change his position in the court room as he desires, and " when a session is in progress, with a quorum in actual attendance, the casual and temporary absence of one of the judges from a seat thus assigned, neither breaks up the court, nor impairs the validity of its proceedings." (*Tuttle* v. *People*, 36 N. Y. 440.) Where the court consists of several

judges, one of the judges may, by consent, even testify as a witness before the remaining members of the bench without producing a dissolution of the court, because then he " still has his jurisdiction of the case before him, together with his fellows on the ·bench. All of the component parts of the court are present together and co-operating, all the requisites of jurisdiction still exist as lively as when the trial began." (*People* v. *Dohring*, 59 N. Y. 374.) It may be that he can even occupy a position adjacent to the court room, provided he can see, or at least hear, all the proceedings. (*State* v. *Smith*, 49 Conn. 376; *Schintz* v. *People*, 178 Ill. 320; *Turbeville* v. *State*, 56 Miss. 793.) So long as he is in a position instantly to assert his authority, it may fairly be maintained that he is present at the trial, even though he does not occupy his seat at the bench. But each of the decisions cited recognizes that in a felony case the complete absence of the judge for any period of time from the court room during the argument of counsel to the jury constitutes a dissolution of the court. Thus in *Turbeville* v. *State* (*supra*) the court, though refusing to reverse the ·judgment because the judge remained within sight of the proceedings, qualified its decision by saying: " If we could consider this statement of the facts as showing such absence from the room on the part of the judge as constituted even a temporary relinquishment of the control of the court and of the conduct of the trial, we should unhesitatingly reverse the judgment." And in *State* v. *Smith* (*supra*) the court, affirming the judgment on the ground that the judge, although outside the court room, was within sight and hearing of the proceedings, said: " We all agree and desire to have it distinctly understood that it is the duty of the presiding judge at criminal trials, and especially where life is involved, to be visibly present every moment of their actual progress, so that he can both see and hear all that is being done. This is a right secured to the accused by· the law of the land, of which he cannot be deprived." Similarly in *Schintz* v. *People* (*supra*) it appeared that " the door was left open and the argument could there be plainly heard," and for that reason the judgment of conviction was affirmed (p. 326). But if the judge, for any length of time, absents himself completely from the court room, he thereby abdicates his functions and destroys ·the integrity of the proceedings. He has disqualified himself from thereafter resuming the conduct of the trial. (*Blend* v. *People*, 41 N. Y. 604; *People* v. *Shaw*, 63 id. 36, affg. 3 Hun, 272.) Would it, for instance, be contended that disorderly behavior committed in his absence constitutes contempt of court? (Judiciary Law, § 750.)

The rule which requires the presence of the judge applies not only to the taking of evidence but to all the proceedings on the

trial, including the arguments of counsel. The argument of counsel to the jury is an essential part of the trial of the cause — so important, indeed, that at times it will be error if the judge fails to interpose "even of his own motion, without suggestion from the defendant's counsel." (*People* v. *Wolf*, 183 N. Y. 464.) The decisions so holding are almost uniform. Speaking of this, the court in *State* v. *Carnagy* (106 Iowa, 483) said: "There can be no court without a judge, and his presence, as the presiding genius of the trial, is as essential at one time as another. The argument is an important part of the proceedings, during which the judge can not properly absent himself." And the court concluded: "The accused is entitled to a trial in a court duly constituted, and, if the presiding judge abandons the trial or relinquishes control of the proceedings, he has ground for complaint." So also, in *State* v. *Beuerman* (59 Kan. 586): "The argument of a cause is an important part of the trial, and it is essential that it should be conducted in the presence and hearing of the judge who must ultimately approve the proceedings and render judgment. The hearing and conduct of the argument is almost, if not quite, as important as the hearing and reception of testimony; and the judge should be present to see that counsel in their arguments do not go beyond the bounds of legitimate discussion and to determine any objections that may be raised. In fact, there can be no court without a judge, and he cannot even temporarily relinquish control of the court or the conduct of the trial. It is necessary that he should hear all that transpires in the trial in order that he may intelligently review the proceedings upon the motion for a new trial." Likewise, in *O'Brien* v. *People* (17 Col. 561) the court reversed a judgment of conviction for this reason alone, saying: "The arguments of counsel, as well as the taking of the evidence, are a part of the trial; and the judge cannot properly absent himself while such proceedings are being carried on; it is his duty to be present and see to it that counsel in their arguments do not travel outside the record nor transcend the limits of legitimate discussion. Moreover, the presence of the judge is essential to the organization of a court for the trial of felony cases. If the judge is absent while substantial proceedings, such as the taking of evidence or the argument of counsel, are being carried on in the presence of the trial jury, such proceedings must be regarded as *coram non judice;* and if, as in this case, it affirmatively appears by the bill of exceptions that the judge was absent against the objections of the defendant, his absence must be held ground for reversal." Very pertinent also are the observations of the court in *People* v. *Tupper* (122 Cal. 424), where a judgment of conviction was reversed

upon this ground, the court saying: " The judge is a component part of the court. There can be no court without the judge. And all that was done in the absence of the judge was in fact done in the absence of the court. A defendant convicted under such circumstances has been deprived of his liberty without due process of law." This decision was followed and the same rule applied in *People* v. *Blackman* (127 Cal. 248), where the absence of the judge for a period of ten minutes, though within hearing of the proceedings, was held to be fatal to the judgment. Said the court (p. 251): " Something more is required of the presiding judge than that he should be within hearing. That might be true if he were on the street and the windows of the court room open; and it may be true in this case, as the judge stated, that when in the adjoining room, with the doors shut, he ' can hear all that is going on in the court room,' but it must be obvious that he would be in no position to have control of the proceedings and certainly would not be presiding in the cause when in an adjoining room with the door open or shut. If any misconduct took place in the court room during such absence there would be no judge present to whom defendant's counsel could make complaint, or to determine what occurred in his absence. Upon the authority of *People* v. *Tupper* [122 Cal. 424] we must hold the conduct of the judge to be prejudicial error."

It matters not that here the judge remained in the court house throughout the trial and that he was present during a part of the summation to the jury. If, as I believe, he must at all times be present at the trial, then, if completely absent from the court room, it is not important how near he may have been or how short a time he remained away. It was so held in *Stokes* v. *State* (71 Ark. 112), where also the trial judge was absent during only a part of the summation for the State. Yet the court said: " While it appears that the judge had lost control of the proceedings for only a very short time, yet that destroyed the integrity of the trial. For without the presence of a presiding judge at all times to uphold the majesty of the law and to enforce its madates, there can be no trial, such as is contemplated by the constitution and statutes." And in *Meredeth* v. *People* (84 Ill. 479), discussing similar contentions, it was said: " It makes no difference that the judge was in another part of the same building. It is no less error than if he had been in another county. Where the judge is engaged in trying causes, there is the court and he can hold no court elsewhere, by proxy, at the same time." In a later case (*Thompson* v. *People*, 144 Ill. 378) the same court reiterated this statement of the law, saying: " The argument before the jury is

a part of the trial of a cause, as well as the introduction of evidence, to prove the innocence or guilt of a defendant or any other fact at issue on the trial. If the presiding judge may leave the court room and engage in other business during the argument before the jury, he may upon the same ground leave while the evidence is being introduced during the progress of the trial at any other stage of the proceeding." In *Ellerbe* v. *State* (75 Miss. 522), after full consideration of authorities, the court formulated the rule " that in the trial of a felony the judge must always be where he can immediately respond to any call for the exercise of his authority in controlling the court and the conduct of the trial, his relinquishment, though even temporary, of such control of the court and conduct of the trial working, as to that case, a dissolution of the court." Similarly, in *State* v. *Darrow* ([Sup. Ct. N. D.] 217 N. W. 519), after carefully reviewing many decisions on this point, it was held that if the judge is out of hearing of the proceedings during the argument of counsel to the jury " the result is a mistrial, which is not waived by a failure to object to such absence." In *Graves* v. *People* (32 Col. 127) it was said that the judge " must not only be within hearing but within sight, of counsel and jury," and that " where the absence is such that. the judge is not within sight of counsel and jury and the court room, and is not in a position to exercise full and complete control of the proceedings, though he may be within hearing of what is said during the argument, such absence itself is error of which the defendant may complain." In *Bateson* v. *State* (46 Tex. Cr. App. 34; 80 S. W. 88) the trial judge remained in a room adjacent to the court room, the door being closed, during a part of the argument of counsel. This, it was held, invalidated the proceedings, regardless of any showing of prejudice to the defendant. Said the court: " We agree with the contention of appellant, that our Constitution guarantees the right of trial by jury, and that no citizen of this State shall be deprived of his life or liberty without due course of the law of the land; and that no person can be tried for a felony, unless such trial is had before the district court; and that this trial must be in open court; and that there can be no court, unless presided over by the district judge. So that, if the district judge was not present presiding at the trial and throughout the entire progress thereof, in such case there is no court, and a conviction cannot be maintained. This direction and control must continue during the entire trial, and pervade every part thereof, for it cannot be said that one portion of the trial is more important than another. Certainly it will not be contended that the argument before the jury, which is guaranteed to a defendant by the Constitution, is of so little importance as

that the presiding judge need take no cognizance of it, much less absent himself during the argument. This question has been before a number of tribunals in the various States of the Union, and the current of authority in criminal cases is one way, with a very few exceptions; that is, in the trial of felony cases, especially in capital cases, the absence of the judge from the courtroom during the trial will constitute cause for reversal in case of conviction. This presence of the judge, who is the presiding genius of the court, is construed not to mean absolutely within the courtroom, but so near as to be within sight and hearing of the proceedings; that is, in such a situation as to retain control of all that transpires during the trial."

Even in *Horne* v. *Rogers* (110 Ga. 362), a civil action, where the court refused a new trial in the absence of a showing of prejudice, considering itself precluded by earlier decisions in that State, it recognized the soundness of the rule to the contrary, for it said: " If it were an open question, we would hold that the presence of the judge at all stages of the trial is absolutely necessary to its validity, and that the absence of the judge from the trial without suspending the same for any length of time, no matter how short, or for any purpose, no matter how urgent, would vitiate the whole proceeding, whether objection was made by the parties interested or not, and whether injury resulted to any one or not. The judge is such a necessary part of the court that his absence destroys the existence of the tribunal, and public policy demands that the tribunal authorized to pass upon the life, liberty, and property of the citizen should be constituted during the entire trial in the manner prescribed by law. The great weight of authority is in harmony with this view. The very definition of trial carries with it the idea of the superintendence of a judge." (See, also, *Palin* v. *State*, 38 Neb. 862; *Brownlee* v. *Hewitt*, 1 Mo. App. 360; *Hayes* v. *State*, 58 Ga. 35.)

Other considerations lead to the same result. How can the judge know except by hearsay what occurred during his absence in order properly to rule on any objection made on his return, for of this " he does not get his information by proxy, but he must judge of the matter by his own ear and his own eye  If by his absence, though temporary, the reins escape him and he loses that control and supervision of the court which is so necessary to safeguard every right of a defendant in the particular case and a conviction follow, it will be set aside notwithstanding no injury can be pointed out." (*Bateson* v. *State, supra*.) Not having heard a part of the proceedings, he cannot " intelligently review the proceedings upon the motion for a new trial " (*State* v. *Beuerman, supra*), nor can he,

in case of dispute, determine for the purpose of the record what occurred upon the trial. Referring to this difficulty, the court, in *Smith* v. *Sherwood* (95 Wis. 558), said: " The presiding judge of a trial court is charged with the duty of trying the case from the opening to the close, and he ought not to abdicate his functions even for half an hour. During such absence grave errors or abuses of privilege may occur, and this court may be left to the conflicting affidavits of overzealous attorneys or parties in interest to determine what in fact took place. This court is not organized nor authorized to try such questions, and we do not propose to do so. It avails not to say that error must be affirmatively shown. This is true, but, where the trial court has disabled itself from informing us as to what occurred, how is error to be shown save by affidavit? We cannot but regard this long absence from the bench during an important part of the trial (the closing arguments to the jury) as an error which calls for a new trial."

The wisdom of the policy and the necessity for the strict observance of the rule are well illustrated in the case at bar, where we have no information whatever as to what occurred during the absence of the judge other than the statement in the record that the district attorney summed up for the People. The minutes of the trial make no mention of the fact that the defendant's counsel demanded that the absence of the judge be noted on the minutes and if we were required to depend on the stenographic record alone we would not know that the trial justice had been absent at all. This furnishes some indication of what may happen when there is no judge presiding to exercise control over the proceedings. A defendant is helpless to protect his rights when there is no judge to whom he can appeal. How can we say that in the absence of the judge the defendant was not prejudiced by anything said or done by spectators, jurors or officers of the court? There was no judge present during that portion of the trial who can tell us so.

Nothing here said is intended to reflect upon the fairness of the trial judge. In spite of provocation, he maintained throughout an attitude of strict impartiality, and if he had remained present at all stages of the proceedings, we would not hesitate to affirm the judgment. But, at least in the trial of a felony case, it is our opinion that the presiding judge may at no time relinquish control of the proceedings without producing a dissolution of the court. No one would assert that the trial could proceed in the absence, no matter how brief, of a juror in the case. In our opinion the absence of the judge is as important and as fatal to the judgment. If he may absent himself at all from the court room during the trial, how far may he go and how long may he remain away. The serious con-

sequences of any relaxation of the rule must be self-evident. The trial of a felony case, in whole or in part, in the absence of a judge, especially against the defendant's objection, is repugnant to the conception of trial by jury as that term has always been understood and applied. (*Capital Traction Co.* v. *Hof, supra.*) If prejudice is required to be shown in such a case then we dispense entirely with the necessity for the presence of the trial judge, for prejudice occurring even in his presence would be ground for the reversal of the judgment. Shall we then say that the same consequences follow where the trial is conducted without, as when it is conducted with, a judge? If, as we agree, a defendant has the right to a trial before a properly constituted court, then his rights are violated when, without his consent, any part of the trial is conducted before a body not constituted as required by law. The rule to which we have adhered will, furthermore, have a tendency to require trial judges to remain upon the bench at all times during the progress of the trial, at least where life or liberty is involved.

And why should we subscribe to the dangerous innovation that against a defendant's opposition even a part of the trial may proceed in the absence of the judge where the situation is entirely within his own control? If he desires for any reason to absent himself from the court room he may declare a suspension of the proceedings for as long as may be necessary. Not having done so, his absence during a part of the summation of the district attorney resulted in the dissolution of the court, requiring that the judgment of conviction be reversed and a new trial ordered.

MERRELL and O'MALLEY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent and vote for affirmance.

MARTIN, J. (dissenting). The judgment of conviction in this case is attacked by the defendant upon the ground that during a part of the summation by the assistant district attorney the trial justice was absent from the court room. It is now urged that such absence constituted an error of law, and it is argued that this court has no discretion in the matter but must reverse the judgment of conviction regardless of any question of prejudice to defendant's rights. It has not been shown, however, what caused the justice to leave the court room, nor how long he was absent therefrom. It is not claimed that such absence in any way affected or prejudiced the rights of the defendant. If the absence of the justice in any way affected the rights of the defendant we would not hesitate to vote for a reversal of the judgment.

This is a highly technical point, raised in an effort to secure a new trial. While we do not countenance the action of the justice

in leaving the court room during a trial, without suspending proceedings, it may have been positively necessary in this case that he should do so. Therefore, in the absence of evidence to the contrary and proof of prejudice, it would be highly technical to grant a new trial. The test to be applied is whether the rights of the defendants were in any way affected or harmed by the conduct of the trial justice. (*Pritchett* v. *State*, 92 Ga. 65; 18 S. E. 536; *Sheppard* v. *State*, 167 Ga. 326; 145 S. E. 654.)

The stipulation set forth in the record merely recites the fact that the trial justice left the court room and was absent therefrom during a part of the summation by the assistant district attorney. Nothing is stated as to the length of the absence. It does not appear what part of the summation, if any, the justice failed to hear, nor whether that part constituted most of the summation or an infinitesimal part thereof. As a matter of fact, it does not appear that the trial justice was at any time actually out of hearing of the summation or that he was not instantly available, if needed. (*People* v. *Bragle*, 26 Hun, 378; affd., 88 N. Y. 585.) It is not claimed by the appellant that anything said by the assistant district attorney was improper or prejudicial to the rights of the defendant. (*White* v. *State*, 61 Tex. Cr. Rep. 498; 135 S. W. 562.)

There appears in the record no objection to the summation and particularly that part thereof which was made during the absence of the justice from the court room. A judgment of conviction should not be reversed unless it appears that the incident resulted in some substantial prejudice to the rights of the defendant. (Code Crim. Proc. § 542.)

Several of the cases relied on by the appellant support the rule that where no prejudice resulted from the temporary absence of the judge from the court room, the judgment should be affirmed.

Under the circumstances here disclosed, the absence of the trial justice is not a ground for reversal of the judgment. Technicalities of this sort have, in recent years, brought much criticism upon the administration of the criminal law. To reverse the judgment of conviction upon any such ground as here urged would tend to make more technical the practice of the criminal law and encourage recourse to technicalities though they be without merit. We should not sacrifice substance to form and thereby add one more technicality to the many which are now so frequently resorted to in aiding criminals to escape conviction and punishment.

The judgment of conviction should be affirmed.

FINCH, P. J., concurs.

Judgment reversed and a new trial ordered.