■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered November 30, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered before a different Supreme Court Justice.

While most of the errors complained of were properly preserved for appellate review, some were not. However, under the circumstances of this case, we feel compelled to reach them in the interest of justice and to reverse the judgment of conviction *(People v Ortiz,* 125 AD2d 502; *People v Hamilton,* 121 AD2d 176).

The trial was marked by the prosecutor's efforts, even over sustained objections, to characterize the defendant as an individual predisposed to commit the crime charged. Although proof of a prior crime may be introduced under certain circumstances *(People v Molineux,* 168 NY 264; *People v Allweiss,* 48 NY2d 40, 46-47), and may be the subject of cross-examination insofar as it relates to credibility *(People v Sandoval,* 34 NY2d 371), it may not be offered, or argued in summation, as illustrative of a criminal propensity *(People v Maddox,* 138 AD2d 749).

Contrary to the People's contention, there was also a violation of the rule against collateral impeachment. Under that

concept, testimony that merely contradicts a witness on a collateral point is improper rebuttal *(People v Ramos,* 139 AD2d 775; *People v Booker,* 134 AD2d 949). What is collateral "must be determined under the particular circumstances of each case; no general principle can be laid down" *(People v Gonzalez,* 100 AD2d 852, 853; *People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047). The rebuttal testimony at bar related to the defendant's employment, whether or not he received welfare, and whether he lived with his girlfriend or with his mother. Under the facts of this case, these were collateral issues.

Standing alone, the introduction of this rebuttal proof might, as the People suggest, be susceptible to harmless error analysis *(e.g., People v Brown,* 126 AD2d 657), but we conclude that the cumulative effect of the errors compromised the defendant's right to a fair trial.

Finally, because of the comments of the Trial Judge as to the credibility of the complainant we direct that the retrial take place before another Justice. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.