■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIAN MAI, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 21, 1990, convicting defendant after jury trial of four counts of robbery in the second degree, and sentencing him to concurrent terms of 2½ to 7½ years in prison, unanimously affirmed.

Defendant was convicted of robberies committed in two Chinese restaurants in which he and an accomplice used the same *modus operandi.* Defendant stood with his hand in his pocket, as if he were concealing a weapon, while the accomplice told the cashier that he was from the Ghost Shadows Gang and demanded money. His defense was, essentially, that his accomplice tricked him into going along on the robberies and that he did not even know the accomplice was committing the robberies.

The trial court's denial of defendant's request to admit testimony and a report of a psychologist regarding defendant's allegedly low I.Q., made after the testimony of the first witness, was not an abuse of discretion. Defendant failed to comply with the notice requirements of CPL 250.10 (2). The evidence was in counsel's possession for over two months prior to trial and a sufficient excuse for the failure to timely give notice was not established. Moreover, if the evidence had been admitted, the People would have been prejudiced by virtue of the delay it would have caused in the trial.

No issue has been preserved with respect to the readback of testimony, in the absence of the Trial Justice, as defendant in fact consented to this procedure. *(See, People v Morman,* 137 AD2d 838 [1988], *lv denied* 71 NY2d 900 [1988].) In any event, the court was available to maintain control over the readback, and did, in fact, appear to resolve a dispute as to the scope of the readback, after which it continued in the court's absence. Defendant's reliance on *People v Torres* (72 NY2d 1007 [1988])

and *People v Ahmed* (66 NY2d 307 [1985]) is misplaced as in those cases a court officer and the trial court's law secretary delivered fundamental instructions, whereas here no instructions, fundamental or otherwise, were given out of the court's presence or by anyone other than the trial court itself. Nevertheless, a readback of testimony in the absence of the court is not a favored procedure.

The Trial Justice's failure, *sua sponte,* to order a psychiatric hearing was not improper. The record indicates that the defendant testified responsively with respect to all substantive questions. Nothing developed either at trial or sentence to call in question defendant's mental capacity to stand trial, and the court's decision not to pursue a psychiatric examination was, on this record, entirely within its discretion. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.