■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK RAWLINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered June 8, 1989, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

While most of the errors complained of were properly preserved for appellate review, some were not. However, under the circumstances of this case, we feel compelled to reach them in the interest of justice and to reverse the judgment of conviction *(see, People v Stewart,* 153 AD2d 706).

The Trial Judge improperly absented himself from the courtroom while a witness's testimony was being read back to the jury *(see, People v Lumpkin,* 173 AD2d 738). After the jury asked to hear the witness's testimony, the court stated "[W]ith the consent of the attorneys I will [not be] sitting here, but I'll be working in the back. If there is any problem, stop right on the dime and I'll come right out. All right. Now, as soon as our Court Reporter is finished [reading the witness's] testimony back, would somebody please call me". A Judge's absence from the courtroom during the reading back of testimony, with or without consent, is improper; it does not comport with the Judge's supervisory role, or with the established expectations and conventions that underlie the Judge's function *(see, People v Lumpkin, supra; People v Silver,* 240 App Div 259).

Further, the court erred in charging the jury: "Now, with respect to the charge that I am now giving to you, I must caution you that all parts of my charge, both the verbal and non-verbal aspects of communication are of equal importance. Specifically the words of the contents and the vocal content that I may give it to you with any physical gestures, facial expressions, etcetera. Everything is of equal important *[sic]* and value. Any communication deviations that you are able to discern, you must put that aside and treat all parts of the charge with the maximum importance that each part deserves".

CPL 300.10 (2) provides that, in its charge, "the court must *state* the fundamental legal principles applicable to criminal cases in general" and "must also *state* the material legal principles applicable to the particular case" (emphasis added). Thus, the court's charge, insofar as it referred to the nonverbal communications of the Judge, was improper. "[W]hile the objectives of enhancing jury understanding and facilitating deliberations are surely laudable, jury instructions generally are not fertile ground for innovation during trial" *(People v Owens,* 69 NY2d 585, 589). This attempt at innovation was not only confusing because of its awkward wording, but was dangerously improper in that it attempted to direct the jury to be influenced by inflections in the Judge's voice, his gestures and body language—none of which would be reflected in the record and all of which could deprive the defendant of a fair trial.

We further note that it was error to permit a housing police officer to testify that an unidentified female at the crime scene, who did not testify at the trial, identified the perpetrator by a "street name" which was the defendant's "street name" *(see, People v Lopez,* 123 AD2d 399, 400, *affd* 69 NY2d 975; *People v Tufano,* 69 AD2d 826).

Additionally, in light of the fact that a prosecution witness was to receive airplane fare for his fiancee, his child, and himself in exchange for his testimony, the Trial Judge should have specifically instructed the jury that, in weighing that witness's testimony, they could consider his possible interest in the case *(see, People v Strawder,* 124 AD2d 758, 759-760; *cf., People v Ellis,* 150 AD2d 484, 485-486).

In light of the foregoing, it is unnecessary to address the defendant's remaining contentions. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.