OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was arrested and charged with sodomy in the second degree (Penal Law § 130.45). The first trial on the indictment resulted in a hung jury. Upon retrial, the jury convicted defendant as charged. Thereafter, defendant was sentenced as a predicate felon to an indeterminate prison term of
 
 2xh
 
 years to 5 years. Defendant served
 
 3xh
 
 years of this term and is currently on parole.
 

 On appeal, defendant argues that reversal of his conviction is required due to the Trial Judge’s absence from the courtroom during the prosecutor’s questioning of the prospective jurors.
 

 The presence of and supervision by a Judge constitutes an integral component of the right to a jury trial
 
 (People v Ahmed, 66
 
 NY2d 307, 311-312). Since the selection of the jury is part of the criminal trial
 
 (see, People v Velasco,
 
 77 NY2d 469, 472;
 
 People v Mullen,
 
 44 NY2d 1, 4), a defendant has a fundamental right to have a Judge preside over and supervise the voir dire proceedings while prospective jurors are being questioned regarding their qualifications. A Judge who relinquishes control over the proceedings or delegates the duty to supervise deprives a defendant of the right to a trial by jury, requiring reversal
 
 (see, e.g., People v Torres,
 
 72 NY2d 1007, 1008-1009;
 
 People v Ahmed,
 
 66 NY2d, at 311-312,
 
 supra; see also, People v Parisi, 276
 
 NY 97, 99).
 

 
 *845
 
 Here, the Judge’s absence from portions of the actual voir dire examination of jurors by counsel violated these fundamental precepts. In the end, it is the Judge who is the ultimate arbiter of a prospective juror’s fitness to serve
 
 (see,
 
 CPL 270.20;
 
 see also, People v Payne,
 
 88 NY2d 172;
 
 People v Allen,
 
 86 NY2d 101).
 

 Nor may the Judge’s absence from the trial be excused on the ground that this record does not reflect any objectionable conduct or practice by counsel in the relevant time period when, in fact, the record reflects that the Judge absented himself while the prosecutor was questioning prospective jurors.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.