■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND PINKNEY, Appellant. [709 NYS2d 10] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 5, 1998, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent sentences of 2 to 4 years on the grand larceny count and 1 year on the criminal possession of stolen property count, unanimously reversed, on the law, and the matter remanded for a new trial.

During voir dire, the Trial Judge gave the panel questionnaires which included a series of background questions to which they were asked to orally respond in open court. While some of the jurors responded to the questionnaires the Judge left the courtroom. In addition, pursuant to the Judge's instructions, the minutes of that portion of the proceedings during which the jurors responded to the questionnaires were not recorded. After the jury was chosen, the issue of the Judge's absence was raised, and defense counsel stated that defendant wished to waive any objection, because he was comfortable with the selected jury.

Notwithstanding the defendant's consent, the Trial Judge's absence from the courtroom during a portion of the voir dire requires that the conviction be reversed, and the case remanded for a new trial (*People v Toliver*, 89 NY2d 843; *People v Garner*, 258 AD2d 954; *see also, People v Ahmed*, 66 NY2d 307; *People v Parisi*, 276 NY 97). As the Court of Appeals stated in *Toliver*, "The presence of and supervision by a Judge constitutes an integral component of the right to a jury trial * * * Since the selection of the jury is part of the criminal trial * * * a defendant has a fundamental right to have a Judge preside over and supervise the voir dire proceedings while prospective jurors are being questioned regarding their qualifications. A Judge who relinquishes control over the proceedings or delegates the duty to supervise deprives a defendant of the right to a trial by jury, requiring reversal * * * Here, the Judge's absence from portions of the actual voir dire examination of jurors by counsel violated these fundamental precepts. In the end, it is the Judge who is the ultimate arbiter of a prospective juror's fitness to serve" (*supra,* at 844-845 [internal citations omitted]). The only distinction between these facts and *Toliver* is that here the defense consented to the Trial Judge's absence, stating that it was satisfied with the jury that was chosen. However, the error constitutes a defect in the "organization of the court or the mode of proceedings" (*People v Patterson*, 39 NY2d 288, 295,

*affd* 432 US 197) which, even if consented to, still presents a question of law (*People v Ahmed, supra; People v Udzinski*, 146 AD2d 245, 251-252, *lv denied* 74 NY2d 853; *Cancemi v People*, 18 NY 128, 137).

The Judge's absence deprived defendant of his right to a trial by jury, "an integral component of which is the supervision of a judge" (*People v Ahmed, supra*, at 310). At the end of each round of the voir dire, it is the Judge's responsibility to rule on the challenges raised by counsel, and to independently determine that every chosen juror is fit to serve (CPL 270.15, 270.20, 270.25). Without having participated in portions of the unrecorded voir dire, the Judge abdicated his responsibility to make fully informed determinations, destroying the integrity of the proceedings. Accordingly, we reverse defendant's conviction and remand for a new trial. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.