THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BROWN, Appellant. [832 NYS2d 277]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered September 14, 2005, convicting him of grand larceny in the fourth degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree (two counts), possession of burglar's tools, and jostling, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record does not support the defendant's contentions that the trial judge was "physically or constructively absent from [a] material stage of the proceedings" (*People v Mellerson,* 15 AD3d 964, 965 [2005]). No juror was questioned or excused in the absence of the court (*see People v Toliver,* 89 NY2d 843 [1996]; *People v Pinkney,* 272 AD2d 52 [2000]).

The court in its discretion required the jurors to fill out questionnaires which were given to the attorneys before the voir dire. The defense counsel was given an opportunity to review the questionnaires with his client and the attorneys were given an opportunity to confer with each other. After a "discussion off the record," certain jurors were excused on the record by the court on consent. Under the circumstances, the record does not demonstrate that there was an improper delegation of judicial authority by the trial court (*see People v Pulido,* 278 AD2d 254 [2000]). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.