THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BOSA, Appellant. [875 NYS2d 79]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 31, 2006, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

After two prospective jurors, Ms. Brooks-Divers and Ms. Ortiz, indicated in response to questions by the prosecutor that they could not convict defendant unless at least two witnesses testify, the transcript of the voir dire reflects the following:

"[THE PROSECUTOR]: Need two witnesses.

"Anybody else agree with that by a show of hands, that you would need two witnesses? Okay.

"Now, Miss Brooks-Divers and Miss Ortiz, the judge is gonna tell ya', he's gonna—where did he go?

"I think he's gonna tell ya', he's gonna instruct you on the law. He's gonna tell you what the law is.

"THE CLERK: He'll be right back.

"[THE PROSECUTOR]: One of the things he's gonna tell ya' is that I have to prove the elements of the crime beyond a reasonable doubt, and you will hear that there are certain elements for what constitutes a burglary.

"And you're also gonna hear that I have to prove that Mr. Bosa was the one who committed the burglary.

"The judge is gonna tell you that there is no formula for how I could do that.

"Miss Brooks-Divers, are you shaking your head? You're kind of thinking?

"PROSPECTIVE JUROR: I don't know about that.

"[THE PROSECUTOR]: Does anyone else agree with them? Okay?

"Who here said that their house was robbed or that they've been a victim of burglary by a show of hands? Okay.

"Those of you who were the victim of burglary, by a show of hands, how many of you were at home when your house was burglarized?

"PROSPECTIVE JUROR: I wasn't home, but I was at the hotel room.

"[THE PROSECUTOR]: You were in the hotel room.

"For those of you who weren't at home at the time the burglary was committed, how do you know it was committed?

"[DEFENSE COUNSEL]: Judge, I'm going to object to this.

"THE COURT: Overruled."

Although the Judge certainly had returned to the courtroom by the time of defense counsel's objection, the record provides no indication at all regarding precisely when he left and when he returned. For all that appears in the record, the Judge may have returned before the prosecutor completed the sentence that followed the Clerk's statement that the Judge would be "right back." Similarly, for all that appears in the record, the Judge may have left the courtroom just before the prosecutor completed the sentence that ended with his question, "where did he go?" Nor does the record shed any light on the question of whether the Judge, despite his physical absence, was able to hear what transpired in the courtroom.

As the Court of Appeals has made clear, "[t]he presence of and supervision by a Judge constitutes an integral component of the right to a jury trial" (*People v Toliver*, 89 NY2d 843, 844 [1996]), "the selection of the jury is part of the criminal trial" (*id.*) and "a defendant has a fundamental right to have a Judge preside over and supervise the voir dire proceedings while prospective jurors are being questioned regarding their qualifications" (*id.*). In *Toliver*, the Court reversed the defendant's conviction because the Judge violated these "fundamental precepts" when he was "absen[t] from portions of the actual voir dire examination of jurors by counsel" (*id.* at 845). The Court held as well that the Judge's absence could not "be excused on the ground that this record does not reflect any objectionable conduct or practice by counsel in the relevant time period when, in fact, the record reflects that the Judge absented himself while the prosecutor was questioning prospective jurors" (*id.*).

This Court had upheld the conviction in *Toliver*, reasoning that "[s]ince the Trial Justice's absence for a part of unobjectionable voir dire and routine answering of a background questionnaire was de minimis and there is not the slightest suggestion that defendant had been prejudiced thereby, he is not entitled to a reversal and new trial" (212 AD2d 346, 350 [1995]). The Court of Appeals clearly rejected so much of that reasoning that was predicated on the absence of any prejudice to the defendant. The Court's opinion, however, does not address the issue of whether a de minimis exception to the fundamental precepts it reaffirmed can or should be recognized. Nor is the Court's opinion inconsistent with such an exception. As the judge was absent from the courtroom "while five prospective jurors . . . recited their questionnaire answers" (212 AD2d at 349), the Court may have concluded that there was no need to reach the issue of a de minimis exception as the Judge's absence under these circumstances would not in any event fall within such an exception.

We need not ground our affirmance on a de minimis exception. Because we cannot determine on this record when the Judge physically left the courtroom and when he physically returned, or whether he was able to hear what transpired in the courtroom, defendant has failed to meet his burden of providing a factual record sufficient to permit appellate review of his claim that the Judge "relinquishe[d] control over the proceedings" (*People v Toliver*, 89 NY2d at 844; *see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *see also People v Velasquez*, 1 NY3d 44, 48 [2003] ["defendant alleging . . . (a) violation (of his right to be present during sidebar questioning of prospective jurors) must . . . present an adequate record for appellate review"]). Nothing in the record, moreover, suggests that defendant somehow was prevented at any time from making an appropriate record regarding when the Judge left and returned or regarding the nature of his absence. For this reason, defendant is not entitled to a new trial.

A related matter merits brief discussion. In *People v Foster*, one of the two appeals decided in *People v Velasquez*, the Court held that "[w]ithout more, failure to record a defendant's presence is insufficient to meet the defendant's burden of rebutting the presumption of regularity" (*id*. at 48). For the same reason, the Court also concluded that a reconstruction hearing was not required (*id*. at 49). In this regard, the Court stated that a reconstruction hearing "may be appropriate" when, among other things, "there is significant ambiguity in the record" (*id*.). Here, by contrast, the record affirmatively indicates that

the Judge was absent, albeit for an uncertain period of time, and there is "significant ambiguity in the record" concerning both the temporal extent of the Judge's absence and whether he was able to hear what transpired in the courtroom. When, as in this case, the ambiguity results from a defendant's unexplained failure to make an appropriate record, we doubt that a reconstruction hearing is appropriate. As defendant does not seek such a hearing, however, we have no occasion to decide the point.

As an additional and alternative ground for affirmance, we conclude that there is a de minimis exception and that, on this record, this case falls within the exception. Because the Court of Appeals did not rule on the issue of whether there is a de minimis exception, we think it appropriate to follow our precedent in *Toliver* recognizing such an exception. Doing so is consistent with, although not compelled by, *People v Roman* (88 NY2d 18 [1996]), decided less than nine months before *Toliver*, which recognized a de minimis exception (*id.* at 26) to the statutory requirement that a defendant be accorded a right to be "personally present" during the jury selection process and "every ancillary proceeding that is a material stage of the trial" (*id.* at 25 [internal quotation marks omitted]). Following our precedent in *Toliver*, moreover, is consistent as well with the decisions in other jurisdictions this Court cited in support of its statement that when the trial judge has absented himself during voir dire proceedings, "not every absence, no matter how brief, requires reversal" (212 AD2d at 348).

On this record, we can infer no more than that the Judge was physically absent for moments before and moments after the prosecutor asked, "where did he go?" Nor can we infer that the Judge was unable to hear what transpired in the courtroom. Thus, we conclude that this case falls within the de minimis exception we again recognize. Nonetheless, we emphasize that, regardless of how the Court of Appeals eventually may rule on the issue of a de minimis exception, for a trial judge to absent himself from the courtroom while prospective jurors are being questioned is inexcusable.

Defendant's challenge to the sufficiency of the evidence is not preserved for review as defendant did not raise it at trial or even move to dismiss on the ground of the insufficiency of the evidence (*People v Gray*, 86 NY2d 10 [1995]). As an alternative holding we reject it on the merits, and we reject as well defendant's claim that the verdict was against the weight of the evidence. Defendant's other claims of error also are meritless. Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.