People v Micolo (2019 NY Slip Op 03174)





People v Micolo


2019 NY Slip Op 03174


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


201 KA 16-01600

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS MICOLO, DEFENDANT-APPELLANT. 






WILLIAMS HEINL MOODY BUSCHMAN, P.C., AUBURN (MARIO J. GUTIERREZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO (CHRISTOPHER W. FOLK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered August 15, 2016. The judgment convicted defendant, upon a jury verdict, of aggravated harassment of an employee by an inmate. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated harassment of an employee by an inmate (Penal Law § 240.32). Defendant's conviction stems from his throwing a cup of urine at a correction officer, striking him in his ear, mouth, and upper torso. The incident was recorded on surveillance cameras. A forensic scientist testified that the correction officer's uniform shirt tested positive for the presence of urea and creatine, both substances found in urine. Defendant represented himself at the trial and did not dispute that he threw a cup of liquid at the correction officer, but rather testified that the liquid was water, not urine.
Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for an adjournment to review Rosario material. "The decision whether to grant an adjournment lies in the sound discretion of the trial court . . . and the court's exercise of that discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (People v Adair, 84 AD3d 1752, 1754 [4th Dept 2011], lv denied 17 NY3d 812 [2011]; see People v Resto, 147 AD3d 1331, 1332 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]). Defendant has made no showing that he was prejudiced by the court's ruling. We reject defendant's further contention that the court's Sandoval determination was an abuse of discretion, and we conclude that the parties' arguments before the trial court and the court's subsequent determination show that it weighed the probative value of defendant's prior conviction against its potential for undue prejudice (see People v Flowers, 166 AD3d 1492, 1494 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]; People v Wertman, 114 AD3d 1279, 1280-1281 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; see generally People v Walker, 83 NY2d 455, 459 [1994]).
Defendant next contends that the court erred in denying his pretrial motion for expert fees for various experts in support of his defense that urine was not on the uniform shirt of the correction officer. The court granted defendant's request for an expert to test the clothing and conduct DNA testing, up to the statutory cap, but otherwise denied defendant's motions that sought experts to investigate and to test the water at the correctional facility; a medical expert to testify regarding the side effects of medication that defendant was taking; and an audiologist to examine the recording of the incident. Pursuant to County Law § 722-c, upon a finding of necessity, a court shall authorize expert services on behalf of a defendant, and only in extraordinary circumstances may a court provide for compensation in excess of $1,000 per expert (see People v Clarke, 110 AD3d 1341, 1342 [3d Dept 2013], lv denied 22 NY3d 1197 [2014]; [*2]People v Koberstein, 262 AD2d 1032, 1033 [4th Dept 1999], lv denied 94 NY2d 798 [1999]). Here, the court did not abuse its discretion inasmuch as defendant did not make the requisite showing of necessity (see People v Brown, 67 AD3d 1369, 1370 [4th Dept 2009], lv denied 14 NY3d 886 [2010]; People v Drumgoole, 234 AD2d 888, 889-890 [4th Dept 1996], lv denied 89 NY2d 1011 [1997]).
Defendant contends that he and the court were absent at the start of jury selection, requiring reversal. It is well settled that "[a] defendant has the right to be present at all material stages of trial" (People v Stewart, 28 NY3d 1091, 1092 [2016]), including during jury selection (see People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). In addition, "once formal voir dire is commenced, the defendant has a fundamental right to have it overseen by a judge" (People v King, 27 NY3d 147, 156 [2016]). Here, prospective jurors were randomly selected by having their name drawn out of a box and then were given the pre-voir dire oath, presumably by the Commissioner of Jurors, before they entered the courtroom for voir dire. The court then directed the clerk to draw the names of 21 members of the panel to take seats in the jury box, and reminded them that they had been sworn. Inasmuch as voir dire did not commence until the prospective jurors were called to the jury box, and both the court and defendant were present at that time, we conclude that defendant's contentions are without merit (see generally King, 27 NY3d at 156; People v Brown, 38 AD3d 795, 796 [2d Dept 2007], lv denied 9 NY3d 863 [2007]).
Defendant contends that the conviction is not based on legally sufficient evidence because of the lack of DNA evidence, inconsistencies in the testimony, and possible other explanations for urine being present on the uniform shirt. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]), we conclude that there is legally sufficient evidence to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are without merit.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court