■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered February 25, 1985, convicting him of robbery in the first degree, robbery in the second degree (two counts), burglary in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 6, 1984, at approximately 8:45 P.M., the defendant and an unapprehended accomplice burglarized an electronics store and absconded with approximately $15,700. After diverting the owner and an employee by paying a youth to bang on the closed metal shutters, the defendant and his cohort entered the store and beat the owner's father before taking the day's cash proceeds and fleeing. The defendant held a knife and his companion carried a gun. The owner of the store saw the defendant beat his father and, when the pair exited the store he, his brother and an employee chased and caught the defendant and, after struggling with him, held him until the police arrived. When the defendant was apprehended, the police retrieved a knife and sheath from an area directly to the rear of where he was crouching.

We find no merit to the defendant's claim that he was denied his constitutional right to a fair trial by the ineffectiveness of counsel. It is well established that when viewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met (*see, People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137; *People v Aiken*, 45 NY2d 394).

In the instant case the record reveals that trial counsel vigorously pursued his theory of the defense which was that the defendant was an innocent bystander who was the unfortunate victim of misidentification and police brutality when two confessions, one of which the defendant signed, were elicited. Trial counsel argued strenuously that the identifications of the defendant were the product of the anger felt by

the two sons of the man who was beaten and that the defendant was wrongly apprehended by them. The many errors asserted by the defendant in his *pro se* supplemental brief are not, in fact, errors but were part of defense counsel's strategy which constituted reasonable and potentially effective trial tactics.

We also reject the defendant's contention that the court was under a duty to make inquiry as to his dissatisfaction with his attorney as the record shows that the defendant, at virtually the close of the People's case, became hostile and threatened the lives of his attorney, the court, and court personnel and went as far as to twice threaten to take hostages. The isolated statement made by the defendant in the middle of this lengthy colloquy to the effect that "He's not doing anything anyway, so it doesn't matter" appears to be more a venting of frustration at his attorney's reticence to recall all of the People's witnesses who had already been subject to cross-examination rather than a request for new counsel. Therefore, we find that the court was not under a duty to make detailed inquiry as to his satisfaction with his counsel's performance.

We find that the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83). We have considered the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.