■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BLACKMAN, Appellant.—Appeal by the defendant from

a judgment of the County Court, Rockland County (Nelson, J.), rendered January 13, 1987, convicting him of criminal possession of a controlled substance in the first degree, and criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of the effective assistance of counsel. It is well-settled that, when viewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and, if counsel provided meaningful representation in the context of the evidence, the law and the circumstances of the particular case, the constitutional requirement will have been met *(People v Brown,* 143 AD2d 1026).

The defendant was not deprived of the effective assistance of counsel. The record reveals that defense counsel raised appropriate objections, made appropriate motions, conducted vigorous cross-examination of the People's witnesses, and delivered cogent opening and closing arguments. Thus, the defendant was provided with meaningful representation *(see, People v Hewlett,* 71 NY2d 841; *People v Cartagena,* 128 AD2d 797).

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.