■ PEOPLE v RICARDO RODRIGUEZ.—Application by defendant, *pro se,* for a writ of error coram nobis, pursuant to *People v Bachert* (69 NY2d 593), on the ground of ineffective assistance of appellate counsel, unanimously granted, and the order of this court, entered March 2, 1989, affirming the judgment of conviction, vacated, the judgment of Supreme Court, New York County (Edward McLaughlin, J.), rendered January 13, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree and sentencing him to an indeterminate term of from fifteen years to life on the possession count and to a definite term of one year on the drug paraphernalia count, reversed, on the law, and the matter remanded for a new trial.

Defendant, Guillermo Paniaqua, Armando Pagan and Justo Sanchez were jointly tried under an indictment charging them with various narcotics offenses. After we unanimously affirmed, without opinion, the judgment of conviction in defendant's case (148 AD2d 1017), a Judge of the Court of Appeals denied leave to appeal on April 10, 1989 (73 NY2d 1021).

Thereafter, the convictions of the codefendants were reversed and a new trial ordered on the ground that the record did not contain a sufficient legal basis to sustain the trial court's decision to discharge a sworn juror for unavailability. *(People v Paniaqua,* 160 AD2d 334; *People v Sanchez,* 160 AD2d 554; *People v Pagan,* 166 AD2d 301.) This issue, although preserved, was not raised by defendant on his direct appeal.

In reversing the codefendants' convictions, this court relied upon *People v Page* (72 NY2d 69), which was decided two weeks before defendant's assigned counsel filed her appellate brief on defendant's behalf. *Page* sets forth various factors to be considered in ascertaining whether a juror is unavailable for continued service. Thus, before discharging and replacing a juror based on continued unavailability, there must be a "reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization * * * This requires a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present." *(Supra,* at 73.) In view of the facts that

in this case the decision to discharge the juror was made "when the juror was barely half an hour late and after there had been only the most minimal attempts at reaching the juror" *(People v Paniaqua,* 160 AD2d, *supra,* at 335), there can be no doubt that defendant has met his burden, under *People v De La Hoz* (131 AD2d 154, 158), of showing that "had the issue been raised a greater likelihood would exist that the judgment would have been reversed."

Our conclusion that counsel's failure to raise this issue rendered her representation ineffective is based not on the subsequent reversals of the codefendants' convictions; there is, of course, no requirement that appellate counsel be clairvoyant. But a defendant is at least entitled to have his appeal decided in consonance with controlling principles of law. Concur—Sullivan, J. P., Carro, Wallach, Kassal and Smith, JJ.