■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 2, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was denied the effective assistance of counsel when the hearing court permitted the defendant's attorney to represent both the defendant and one of his codefendants, whose own attorney was scheduled to appear elsewhere, at the *Wade* hearing. Although the hearing court failed to conduct an inquiry to determine whether the defendant's decision to pursue joint representation at the *Wade* hearing was an informed one *(see, People v Allah,* 80 NY2d 396; *People v Gomberg,* 38 NY2d 307, 313-314), the defendant has not demonstrated that "a conflict of interest, or at least the significant possibility thereof" existed between the codefendant and himself regarding the issues involved at the *Wade* hearing *(People v Macerola,* 47 NY2d 257, 264). Therefore under these circumstances, reversal of the defendant's conviction on this ground is not warranted *(see, People v Macerola, supra; People v Reape,* 162 AD2d 634, 635).

Moreover, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The inconsistencies cited by the defendant are insufficient to render the testimony of the People's main witness incredible as a matter of law *(see, People v Green,* 185 AD2d 992; *People v Di Girolamo,* 108 AD2d 755). Furthermore, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or do not require reversal under the circumstances of this case. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.