■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FLORES, Appellant. [616 NYS2d 76] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 26, 1991, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to consecutive terms of imprisonment of 25 years to life and 8⅓ to 25 years for his convictions of murder in the second degree and robbery in the first degree, respectively, and concurrent terms of imprisonment of 5 to 15 years and 1⅓ to 4 years for his convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, respectively, to run concurrently with the sentences that were imposed for his

convictions of murder in the second degree and robbery in the first degree.

Ordered that the judgment is modified, on the law, by providing that all of the sentences are to run concurrently; and, as so modified, the judgment is affirmed.

The charges against the defendant arose from an incident on January 13, 1990, in the lobby of the MacDans Hotel in Brooklyn. The defendant fired two shots into the chest of Jose Rivera fatally wounding him. The defendant then turned and pointed the gun at Rivera's girlfriend, Carmen Mateo, stole one hundred dollars from her hand, and fled.

The defendant's contention that the evidence adduced by the People was legally insufficient to establish that the murder was committed in furtherance of an attempted robbery of Rivera is unpreserved for appellate review since the defendant failed to advance this argument before the trial court *(see, People v Hood,* 156 AD2d 468). In any event, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we agree with the defendant that the sentences that were imposed by the court are illegal to the extent that the sentence that was imposed for the defendant's conviction of felony murder is to run consecutively to the sentence that was imposed for the defendant's conviction of robbery in the first degree. The court charged the jury that it could find the defendant guilty of felony murder if it found that the defendant had caused the death of Rivera while in the course of and in furtherance of the commission of a robbery, or the attempted commission of a robbery, or in immediate flight therefrom. The court did not specify whether the underlying felony was the attempted robbery of Rivera or the actual robbery of Mateo (the subject of the separate robbery count). Under these circumstances, the sentence that was imposed for the defendant's conviction of felony murder must run concurrently with the sentence that was imposed for the defendant's conviction of robbery in the first degree *(see,* Penal Law § 70.25 [2]; *see also, People v Day,* 73 NY2d 208, 210-211). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.