OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of second degree murder in the shooting death of an off-duty correction officer in Brooklyn. On five different occasions during the three-week trial, the court permitted the jury to examine various exhibits which had been received in evidence. Each of these viewings occurred in the jury room outside the presence of the court, the attorneys and defendant, but with defendant’s awareness and without objection. Defendant argues that this procedure was reversible error. Under the circumstances presented here, we disagree.
*984 Contrary to defendant’s contention, the Judge’s absence from these viewings did not constitute an error affecting "the organization of the court or the mode of proceedings proscribed by law” which can be reviewed on appeal even absent a timely objection in the trial court (People v Patterson, 39 NY2d 288, 294-296, affd 432 US 197). It is true that an integral part of a defendant’s right to a jury trial is the supervision and active participation of a Judge, and when a Judge’s absence from trial proceedings prevents performance of an essential, nondelegable judicial function reversal is required (see, People v Toliver, 89 NY2d 843, 844-845; People v Torres, 72 NY2d 1007, 1008-1009; People v Ahmed, 66 NY2d 307, 311-312).
In this case, however, the jury examined the exhibits only after they had been received in evidence. Before each viewing and at other times during the trial, the Judge admonished the jury not to discuss the evidence or the case itself, which was sufficient to dispel the possibility of premature deliberation during the viewings. As a result, the viewings did not require any rulings or instructions and did not implicate any of the Judge’s substantive roles in conducting the trial. The alleged error therefore does not fall within that narrowly drawn class of fundamental defects immune from the preservation requirement. Defendant at no time voiced any objection to the viewings, and when he finally did lodge a protest to a prospective viewing, it was on different grounds than advanced here. Thus, defendant’s claim is unpreserved for this Court’s review.
Defendant’s alternative claim, that he was denied his right to be present at the viewings, must also be rejected. Criminal defendants have the right to be present at all material stages of trial, which include the introduction of evidence (see, CPL 260.20; People v Williams, 85 NY2d 945, 947). Moreover, a defendant has the right to be present at ancillary proceedings where he or she may have "something valuable to contribute” (People v Morales, 80 NY2d 450, 456), or where defendant’s exclusion could "substantially affect the ability to defend against the charge” (People v Mitchell, 80 NY2d 519, 527).
Given that the exhibits had already been received in evidence, the viewings here were at best an ancillary proceeding. Since defendant’s potential contribution to the viewings was minimal, and on this record defendant’s absence did not compromise his ability to advance his position or counter the People’s theory, defendant’s presence was not required.