■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WILLIAMS, Appellant. [668 NYS2d 636] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 29, 1994, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated September 19, 1995, which denied his motion pursuant to CPL article 440 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant failed to preserve for appellate review his claim that the evidence was legally insufficient to establish his identity as one of the perpetrators. His motion for a trial order of dismissal did not refer to any specific deficiency in the evidence presented by the People (*see,* CPL 470.05 [2]; *People v Johnson,* 185 AD2d 247; *see also, People v Kerr,* 210 AD2d 349, 350). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court properly admitted evidence of the defendant's prior threats. Despite the general prohibition against evidence of uncharged crimes, the testimony regarding threats made by the defendant was admissible as it was relevant on the issue of his motive in committing the offenses charged, and was inextricably interwoven with the crime (*see, People v Alvino,* 71 NY2d 233, 242; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Jones,* 221 AD2d 661; *People v Goodman,* 167 AD2d 352, 353; *People v Johnson,* 155 AD2d 924, 925; *see also, People v Crandall,* 67 NY2d 111; *People v Vails,* 43 NY2d 364; *People v Seaberry,* 138 AD2d 422, 423). Additionally, it was admissible to complete the narrative of events regarding the commission of the offense (*see, People v Gines,* 36 NY2d 932; *see also, People v Molineux,* 168 NY 264; *People v DeLeon,* 177 AD2d 641).

The defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10, based on a claim that he was denied the effective assistance of counsel, was properly denied. Viewing the defense counsel's performance "in its entirety, in conjunction with the evidence, the law, and the circumstances of the case" (*People v Vanterpool,* 143 AD2d 282; *see also, People v Baldi,* 54 NY2d 137, 147; *People v Johnson,* 184 AD2d 732, 733; *People v Blackman,* 173 AD2d 482, 483; *People v Badia,* 159 AD2d 577, 579), we find that the defendant enjoyed meaningful representation at all stages of the trial.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.