■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS ORTIZ, Appellant. [673 NYS2d 150] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 11, 1995, convicting him of murder in the second degree, manslaughter in the first degree, and robbery in the first degree (two counts), upon a jury verdict, and sentencing him to indeterminate terms of 25 years to life imprisonment on the conviction of murder in the second degree, 12½ to 25 years imprisonment on the conviction of manslaughter in the first degree, and 12½ to 25 years imprisonment on the conviction of robbery in the first degree under count five of the indictment, all to run concurrently to each other, and an indeterminate term of 12½ to 25 years imprisonment on the conviction of robbery in the first degree under count six of the indictment, to run consecutively to the term of imprisonment imposed upon the conviction for murder in the second degree.

Ordered that the judgment is modified, on the law, by providing that all of the sentences are to run concurrently; as so modified, the judgment is affirmed.

During the testimony of a prosecution witness who was aided by an interpreter, the prosecutor sought to refresh the witness's recollection with his prior statement to the police, which was written in English. To prevent the jury from overhearing the translation process, the court directed the witness, the interpreter, and counsel to step outside into the hallway where the interpreter was to read highlighted portions of the statement to the witness. The defense counsel did not object.

The defendant contends that the court failed to supervise the proceeding at which the witness's recollection was refreshed, and that reversal is warranted because the Trial Judge was absent during a material stage of the trial proceeding. This claim is unpreserved for appellate review as the defendant voiced no objection to the procedure (see, CPL 470.05 [2]; see also, People v Patterson, 39 NY2d 288, 295, affd 432 US 197; see, e.g., People v Monroe, 90 NY2d 982, 983). In any event, under the circumstances of this case, the Judge's absence from the brief reading by the translator, in the hallway, of the witness's prior statement does not warrant reversal. The reading did not require any rulings or instructions by the Judge, and did not implicate the Judge's substantive role in conducting the trial (see, e.g., People v Monroe, supra, at 984). Thus, the defendant has not established that the Judge was absent during a material stage of the trial (see, People v Melendez, 227 AD2d 646, 648). However, this Court has previously noted that "it would have been the better practice for the court to excuse the jury so that the interpreter could have refreshed the witness's recollection on the record" (People v Melendez, supra, at 648).

The defendant's claim of ineffective counsel is without merit. Viewing the defense counsel's performance "in its entirety, in conjunction with the evidence, the law, and the circumstances of the case", the defendant enjoyed meaningful representation at all stages of the trial (People v Vanterpool, 143 AD2d 282; see, People v Baldi, 54 NY2d 137, 147; People v Johnson, 184 AD2d 732, 733; People v Blackman, 173 AD2d 482, 483; People v Badia, 159 AD2d 577, 579).

The court charged the jury that it could find the defendant guilty of felony murder if it found that the defendant caused the death of Andrew West, without specifying whether the underlying felony was the robbery of West or the robbery of another individual, Harry Joseph. Under these circumstances,

as the People correctly concede, the sentence imposed for the defendant's conviction of felony murder must run concurrently with the sentences imposed for his convictions of robbery in the first degree (*see,* Penal Law § 70.25 [2]; *see also, People v Day,* 73 NY2d 208, 210-211; *People v Flores,* 207 AD2d 562, 563; *People v Duke,* 181 AD2d 908, 909; *People v Nelson,* 171 AD2d 702, 705).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Joy, Goldstein and McGinity, JJ., concur.