■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY HERNANDEZ, Appellant. [688 NYS2d 161] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated February 1, 1993 (*People v Hernandez,* 190 AD2d 688), affirming a judgment of the Supreme Court, Queens County, rendered October 2, 1989, on the ground of ineffective assistance of appellate counsel. By decision and order of this Court dated September 11, 1997, the application was held in abeyance and the appellant was granted leave to serve and file a brief on the issue of the Trial Justice's absence from the courtroom while certain testimony was being read back to the jury. The parties have now filed their respective briefs. Justice Joy has been substituted for the late Justice Balletta (*see,* 22 NYCRR 670.1 [c]).

Ordered that the application is granted, and the decision and the order of this Court, dated February 1, 1993, is vacated; and it is further,

Ordered that the judgment of the Supreme Court, Queens County, rendered October 2, 1989, is reversed, on the law, and a new trial is ordered.

A Trial Justice's absence from the courtroom while testimony is being read back to the jury, with or without consent, is improper; it does not comport with the Justice's supervisory role, or with the established expectations and conventions that underlie the Justice's function (*see, People v Rawlings,* 178 AD2d 619; *People v Lumpkin,* 173 AD2d 738; *People v Silver,* 240 App Div 259). Had the issue of the Justice's absence during the readback of the testimony of four witnesses' to the jury been called to the attention of this Court on the direct appeal from the judgment of conviction, it is likely that the defendant's

conviction would have been reversed. Since the unexplained failure of counsel to raise an issue which, if raised, would have rendered a reversal or modification likely constitutes a sufficient ground upon which to predicate a finding of ineffective assistance of appellate counsel (*see, People v Rutter,* 202 AD2d 123; *People v Rodriguez,* 185 AD2d 198), the appellant has sustained his burden of proving ineffectiveness. Ritter, J. P., Santucci, Thompson and Joy, JJ., concur. [*See,* 190 AD2d 688.]