OPINION OF THE COURT
 

 Smith, J.
 

 During deliberations at defendant’s murder trial, the jury requested several readbacks of trial testimony and a partial rereading of the court’s charge to the jury. After specifying the testimony to be read back and directing the court reporter to do so, the Trial Judge, with the consent of both parties, ab
 
 *554
 
 sented himself from the proceedings during the actual reading. Prior to departing, the Judge informed the parties, the jury and the court reporter that he remained immediately available in chambers in the event any issue arose. Following the read-back, the Judge himself conducted the requested rereading of the charge to the jury. Although a Judge’s absence from read-backs is not favored, in this case, the Judge’s absence does not require reversal.
 

 Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]) and related weapons offenses (Penal Law §§ 265.03, 265.02 [4]). He was sentenced as a second felony offender to three indeterminate, concurrent prison terms of 25 years to life, 7V2 to 15 years, and 3V2 to 7 years on the respective convictions, all terms to run consecutively to an unrelated 35-year Federal sentence.
 

 On appeal, defendant’s counsel failed to raise the issue of the Trial Judge’s absence during the readback proceedings. The Appellate Division unanimously affirmed the conviction and a Judge of this Court denied defendant’s application for leave to appeal (see, 190 AD2d 688,
 
 Iv denied
 
 81 NY2d 971). Thereafter, defendant petitioned the Appellate Division for a writ of error coram nobis, arguing that his appellate counsel’s failure to claim error in connection with the Trial Judge’s absence during readbacks constituted ineffective assistance of counsel on appeal. On March 22, 1999, the Appellate Division granted defendant’s petition for a writ of error coram nobis, vacated its prior affirmance of the judgment of conviction, and reversed defendant’s conviction and sentence (259 AD2d 708,
 
 vacating
 
 190 AD2d 688). A Judge of this Court granted the People leave to appeal from so much of the Appellate Division order as reversed the conviction (93 NY2d 1019).
 

 Citing this Court’s decision in
 
 People v Monroe
 
 (90 NY2d 982), the People contend that a per se rule of reversal should not apply in this case because (1) the Trial Judge was absent only during the uncontested, mechanical reading of testimony already in evidence, (2) all substantive rulings regarding the readbacks were made by the Trial Judge, who in no way delegated his judicial duties to another, (3) the Trial Judge, though not physically present, retained supervision and control of the proceedings by remaining immediately available to rule on any issue and (4) no prejudice to defendant has been shown. Defendant, in turn, argues that, by absenting himself from the courtroom during the readbacks, the Trial Judge failed to exercise due supervision over the proceedings, thus depriving
 
 *555
 
 defendant of his constitutional right to a trial by jury. We agree with the People.
 

 An integral component of a defendant’s right to trial by jury is the supervision of a Judge. In any case where the Judge’s absence from trial proceedings prevents performance of an essential, nondelegable judicial function, reversal is required
 
 (see, People v Monroe,
 
 90 NY2d, 982, 984,
 
 supra; People v Toliver,
 
 89 NY2d 843, 844;
 
 People v Torres,
 
 72 NY2d 1007, 1008-1009;
 
 People v Ahmed,
 
 66 NY2d 307, 311-312;
 
 see also, People v Parisi,
 
 276 NY 97, 100). Here, defendant’s claim does not require reversal of his conviction.
 

 Recently, in
 
 People v Monroe
 
 (90 NY2d 982,
 
 supra),
 
 we affirmed a judgment of conviction where, on five separate occasions during a three-week trial, the court permitted the jury to examine various exhibits outside the presence'of the court, the defendant and the attorneys. We rejected the defendant’s contention that the Trial Judge’s absence from the examinations constituted reversible error. We reasoned that the jury examined the exhibits only after they were received in evidence and, before each viewing and at other times during the trial, the Trial Judge admonished the jury not to discuss the evidence or the case itself
 
 (id.,
 
 at 984). Because the Trial Judge’s admonitions to the jury were “sufficient to dispel the possibility of premature deliberation during the viewings,” we concluded that “the viewings did not require any rulings or instructions and did not implicate any of the Judge’s substantive roles in conducting the trial”
 
 (id.; see also, United States v Grant, 52
 
 F3d 448 [2d Cir];
 
 United States v Pfingst, 477
 
 F2d 177, 195-197 [2d Cir],
 
 cert denied
 
 412 US 941;
 
 People v Sian Mai,
 
 175 AD2d 692,
 
 Iv denied
 
 78 NY2d 1081). Thus, inasmuch as the defendant had failed to object to the Judge’s absence during the examinations, the issue was unpreserved for our review.
 

 By contrast, in
 
 People v Ahmed
 
 (66 NY2d 307, 310,
 
 supra),
 
 we concluded “that the absence of the trial judge, and the delegation of some of his duties to his law secretary during a part of the jury’s deliberations, deprived the defendant of his right to a trial by jury.” There, on two occasions during the jury’s deliberations, the Trial Judge, due to illness, permitted his law secretary to reread requested portions of the court’s charge to the jury. Additionally, after departing the courthouse, the Trial Judge continued to respond to jury requests through his law secretary. Finally, just prior to the verdict, the Judge’s law secretary, by now serving functionally as Judge, received
 
 *556
 
 two notes from the jury which the Judge never considered. In these circumstances, we concluded that notwithstanding the parties’ consent to the substitute procedures employed, the Trial Judge’s absence from the proceedings constituted a significant departure from the constitutionally protected, common-law “judge and jury system” and required reversal
 
 (id.,
 
 at 311;
 
 see, People v Torres,
 
 72 NY2d 1007,
 
 supra
 
 [reversal required where Trial Judge, from outside courthouse, directed court officer to tell deadlocked jury to continue deliberating]).
 

 The absence of Trial Judges from readbacks is disfavored. In this case, however, the Trial Judge’s absence did not rise to the level of a “mode of proceedings” error requiring reversal despite defendant’s consent
 
 (see, People v Monroe,
 
 90 NY2d,
 
 supra,
 
 at 984). The readbacks required no further rulings or instructions than those previously made by the court. Indeed, the record indicates clearly that all substantive rulings regarding the readbacks were made by the Trial Judge and no delegation of judicial authority occurred
 
 (compare, People v Ahmed,
 
 66 NY2d 307,
 
 supra; People v Torres,
 
 72 NY2d 1007,
 
 supra).
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed and the case remitted to that Court for further proceedings in accordance with CPL 470.25 (2) (d) and CPL 470.40 (2) (b).
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order, insofar as appealed from, reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.