**Antwan HARRISON, Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

Docket No. 00–2445.

United States Court of Appeals, Second Circuit.

June 15, 2001.

Howard M. Simms, New York, NY, for appellant.

Amy Applebaum, Assistant District Attorneys, Brooklyn, NY; Charles J. Hynes, District Attorney, Leonard Joblove, Assistant District Attorney, Kings County, Brooklyn, NY, on the brief, for appellee.

Present SOTOMAYOR and KATZMANN, Circuit Judges, and BERTELSMAN, District Judge.*

* The Honorable William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, Judge) denying Antwan Harrison's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1) on the ground that the petition was time-barred pursuant to 28 U.S.C. § 2244(d)(1). *Harrison v. Artuz*, 105 F.Supp.2d 101 (E.D.N.Y.2000). The district court granted a certificate of appealability "limited to the question of whether a doomed attempt to appeal the Appellate Division's denial of a writ of error coram nobis tolls AEDPA's statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)." *Id.* at 106.

Following a jury trial in Supreme Court, Kings County, petitioner was convicted of two counts of Murder in the Second Degree, and one count each of Kidnaping in the First Degree and Criminal Possession of a Weapon in the Second and Third Degrees. On direct appeal, the Appellate Division, Second Department, affirmed, *People v. Harrison*, 216 A.D.2d 582, 628 N.Y.S.2d 564 (2d Dep't 1995), the Court of Appeals denied leave to appeal, *People v. Harrison*, 88 N.Y.2d 936, 647 N.Y.S.2d 170, 670 N.E.2d 454 (1996), and, on July 5, 1996, denied petitioner's motion for reconsideration. Petitioner's conviction thus became final on October 5, 1996, when the period within which he could have sought certiorari from the United States Supreme Court expired. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998). Under 28 U.S.C. § 2244(d)(1), petitioner thus had until October 5, 1997, to file a first habeas petition, plus any time tolled under Section 2244(d)(2) or the doctrine of equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Ross*, 150 F.3d at 102–03.

Meanwhile, on August 29, 1995, petitioner had moved the trial court to vacate his judgment of conviction pursuant to N.Y.Crim.Proc.L. § 440.10. The trial court denied the motion, and the Appellate Division denied leave to appeal on November 15, 1996. Hence, the one-year limitations period was tolled from October 5, 1996 to November 15, 1996. Between November 15, 1996, and December 31, 1996, the limitations period ran for 46 days because petitioner had no application for post-conviction review pending in the state courts.

On September 27, 1995, petitioner filed in the Appellate Division the first of two motions for a writ of error *coram nobis*, alleging ineffectiveness of appellate counsel. The Appellate Division denied that motion on December 18, 1995, *People v. Harrison*, 222 A.D.2d 608, 636 N.Y.S.2d 646 (2d Dep't 1995), and petitioner sought leave to appeal to the Court of Appeals. In an order dated April 15, 1996, the Court of Appeals dismissed the application on the ground that "the order sought to be appealed is not appealable under Criminal Procedure Law § 450.90(1)." *People v. Harrison*, 88 N.Y.2d 848, 644 N.Y.S.2d 694, 667 N.E.2d 344 (1996). Petitioner filed his second *coram nobis* motion on December 31, 1996. On May 27, 1997, the Appellate Division denied the motion, *People v. Harrison*, 239 A.D.2d 601, 658 N.Y.S.2d 970 (2d Dep't 1997), and, on June 27, 1997, the Court of Appeals dismissed petitioner's application for leave to appeal this denial, *People v. Harrison*, 90 N.Y.2d 858, 661 N.Y.S.2d 185, 683 N.E.2d 1059 (1997).

Finally, on May 7, 1998, petitioner filed the instant petition for federal habeas relief.

The district court concluded that the petition was time-barred under 28 U.S.C. § 2244(d)(1) because 389 days elapsed by the time the petition was filed: 45 days between November 15, 1996, and December 31, 1996, and an additional 344 days between the Appellate Division's denial of the second *coram nobis* motion on May 27, 1997, and the filing of the habeas petition on May 7, 1998. *Harrison,* 105 F.Supp.2d at 103–05.[1]

■ Petitioner argues that the petition was timely because his application to the Court of Appeals for leave to appeal the Appellate Division's denial of his second *coram nobis* motion was a "properly filed application for State post-conviction or other collateral review" that tolled the limitations period so long as it was "pending," 28 U.S.C. § 2244(d)(2), that is, between May 27, 1997, and June 27, 1997. If this is correct, only 358 days elapsed by the time the petition was filed: the 45 days between November 15, 1996, and December 31, 1996, and an additional 313 days between the Court of Appeal's dismissal of his appeal of the Appellate Division's denial of the second *coram nobis* motion on June 27, 1997 and the filing of the habeas petition on May 7, 1998.[2]

■ Petitioner's argument is without merit. A properly filed motion for a writ of error *coram nobis* ceases to be pending on the date it is denied by the Appellate Division because such a denial may not be

appealed to the Court of Appeals. *Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir.), *cert. denied,* 531 U.S. 1018, 121 S.Ct. 581, 148 L.Ed.2d 497 (2000). The pendency of this type of application for post-conviction review may not be extended by petitioning the Court of Appeals for leave to appeal the denial. *Hizbullahankhamon v. Walker,* 255 F.3d 65 (2d Cir.2001).

Petitioner argues that *Geraci's* reading of New York procedural law governing *coram nobis* motions is mistaken because the Court of Appeals, in *People v. Hernandez,* 94 N.Y.2d 552, 708 N.Y.S.2d 34, 729 N.E.2d 691 (2000), held that a denial of a *coram nobis* motion by the Appellate Division is presumptively reviewable by the Court of Appeals. This argument is also without merit. In *Hernandez,* the Appellate Division granted the defendant's *coram nobis* motion and reversed his conviction and sentence. *Id.* at 554, 708 N.Y.S.2d 34, 729 N.E.2d 691. The Court of Appeals granted leave to appeal solely on that part of the Appellate Division's order reversing the conviction. *Id.* Hence, *Hernandez* does not contradict settled New York law that the Appellate Division's denial of a *coram nobis* motion may not be appealed to the Court of Appeals. *See Hizbullahankhamon,* 255 F.3d at 70 (citing Court of Appeals cases).

■ Finally, in his *pro se* supplemental brief, petitioner appears to advance an argument based on the doctrine of equitable tolling. Alleging that he filed his application for leave to appeal the Appellate Division's order denying his second *coram*

---

1. By our calculation, the first period accounted for 46 days and the second period accounted for 345 days, yielding a total of 391 days. This minor discrepancy, however, has no bearing on our disposition of this appeal.

2. Because the Court of Appeals dismissed petitioner's attempted appeal of the Appellate Division's denial of his first *coram nobis* mo-

tion on April 15, 1996, the first *coram nobis* motion has no bearing on the timeliness of petitioner's habeas petition—even if it is assumed that such an attempted appeal may toll the one-year limitations period. As noted, the one-year limitations period did not begin to run until November 15, 1996.

*nobis* motion because he was explicitly instructed to do by his appointed counsel, petitioner argues that it is unfair to penalize him for following this advice. This argument is untenable. To be entitled to equitable tolling, a petitioner must show "that extraordinary circumstances prevented him from filing his petition on time" and that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17. Petitioner received actual notice that his appeal of the Appellate Division's order denying his second *coram nobis* motion was futile. As noted, in its Certificate Dismissing Application dated April 15, 1996, the Court of Appeals informed petitioner that his application seeking leave to appeal the Appellate Division's order denying his first *coram nobis* motion was dismissed "because the order sought to be appealed is not appealable." Furthermore, after the New York Court of Appeals dismissed his second *coram nobis* motion, petitioner still had nine and one-half months to file a habeas petition within the one-year limitations period. He thus did not act with reasonable diligence. *Cf. Hizbullahankhamon,* 255 F.3d at 70 (denying equitable tolling for lack of diligence because of 257-day interval between cessation of alleged extraordinary circumstance and filing of motion for state post-conviction relief).

We have considered petitioner's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.