■ The People of the State of New York, Respondent, v Hasonn A. Campbell, Appellant. [766 NYS2d 379] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), January 25, 2001, convicting him of rape in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.

■ The People of the State of New York, Respondent, v Robert Collins, Appellant. [766 NYS2d 380] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 21, 2001, convicting him of attempted murder in the first degree, assault in the first degree (two counts), attempted assault in the first degree, menacing in the second degree (three counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify the ground raised on appeal in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Williams,* 247 AD2d 416 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt (*see People v Williams,* 84 NY2d 925, 926 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.