Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered February 27, 2001, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
During a break in voir dire, the defendant’s counsel, in the defendant’s absence, explained to the trial court that she had certain concerns about her ability to represent the defendant. However, the trial court refused to relieve her as counsel. Contrary to the contention of the defendant, who never expressed any dissatisfaction with his counsel (see People v Folk, 145 AD2d 505 [1988]; People v Brown, 143 AD2d 1026 [1988]), the trial court did not deprive him of his right to the effective assistance *608 of counsel by failing to question him about the attorney-client relationship.
The trial court providently exercised its discretion in granting the prosecutor’s application for a recess during the direct examination of the complaining witness (see People v Branch, 83 NY2d 663, 667 [1994]; People v Smith, 240 AD2d 949, 950 [1997]; People v Esquilin, 236 AD2d 231 [1997]).
Furthermore, the trial court, after making a “reasonably thorough inquiry” into the matter (CPL 270.35 [2] [a]), providently exercised its discretion in discharging a sworn juror on the ground that she was unavailable for continued service (see CPL 270.35 [1]; People v Jackson, 240 AD2d 680, 681 [1997]; People v Hill, 182 AD2d 640 [1992]).
The defendant’s remaining contentions are without merit. Smith, J.P, S. Miller, Crane and Cozier, JJ., concur.